UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM LANG, | ) | CASE NO. 1:10-CV-2091 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE MCHARGH |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendant. | | |

This case is before the Magistrate Judge pursuant to the consent of the parties. (Doc. 17). The issue before the undersigned is whether the final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff William Lang's application for a Period of Disability and Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, is supported by substantial evidence and therefore, conclusive.

For the reasons set forth below, the Court AFFIRMS the decision of the Commissioner.

I. INTRODUCTION & PROCEDURAL HISTORY

On May 25, 2007, Plaintiff William Lang ("Plaintiff" or "Lang") filed an application for a Period of Disability and Disability Insurance Benefits alleging that he became disabled on January 28, 2004, due to suffering from a right distal bicep rupture, disc bulges on L4, L5, and L5-1, a ridiculitis lumbar strain, and spurs in his neck. (Tr. 78-80, 155). Lang's insured benefits expired on December 31, 2007. (Tr. 28). Plaintiff's application was denied initially and upon reconsideration. (Tr. 62-67). Thereafter, Lang requested a hearing before an administrative law judge to contest the denial of his application. (Tr. 60-61). The Social Security Administration granted Lang's request. (Tr. 32).

On November 30, 2009, Administrative Law Judge Peter Beekman (the "ALJ" or "ALJ Beekman") convened a hearing to consider Plaintiff's application for benefits. (Tr. 1160-91). Plaintiff presented with counsel and testified at the hearing. (*Id.*) Vocational Expert, Barbara Burk (the "VE"), also appeared and testified. (*Id.*) On December 22, 2009, ALJ Beekman issued a written decision finding that Plaintiff was not disabled under the Social Security regulations. (Tr. 10-24). In the decision, the ALJ applied the five-step sequential analysis,[1] and determined that Lang retained the ability to perform work which existed in significant numbers in the national economy. (*Id.*) Following the issuance of this unfavorable ruling, Lang sought review of the decision from the Appeals Council. (Tr. 5-6). However, on July 13, 2010, the council denied Plaintiff's request, thereby making ALJ Beekman's decision the final decision of

---

[1] The Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a determination as to "disability". *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Sixth Circuit has summarized the five steps as follows:

(1) If a claimant is doing substantial gainful activity – i.e., working for profit – she is not disabled.

(2) If a claimant is not doing substantial gainful activity, her impairment must be severe before she can be found to be disabled.

(3) If a claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

(4) If a claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.

(5) Even if a claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

*Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001).

the Commissioner. (Tr. 2-4). Plaintiff now seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

Lang, born on September 3, 1955, was fifty-four years old on the date of his hearing before ALJ Beekman. (Tr. 28, 1163). Thus, he was considered a "person closely approaching advanced age" for Social Security purposes. *See* 20 C.F.R. § 404.1563(d). Plaintiff graduated from high school and completed one year of college. (Tr. 1163). Lang has past experience working as a policeman, tax preparer, and as a real estate sales agent. (Tr. 1183).

## II. ALJ's RULING

In his written opinion, ALJ Beekman utilized the five-step sequential analysis to determine whether Lang was disabled. (Tr. 10-24). At step one of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of January 28, 2004 through the date his benefits expired on December 31, 2007. (Tr. 12). At step two, the ALJ held that Lang suffered from the following severe impairments: degenerative disc disease of the cervical and lumbar spine, osteoarthritis and status post right biceps tendon rupture. (Tr. 12-16). But, at step three, ALJ Beekman ruled that none of these impairments, individually or in combination, met or equaled one of the listed impairments set forth in 20 C.F.R Part 404, Subpart P, Appendix 1. (Tr. 17). Before moving to step four, the ALJ assessed Plaintiff's Residual Functional Capacity ("RFC") to work and concluded that Lang retained the ability to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b). (Tr. 17-23). As a result, ALJ Beekman held that Lang's RFC allowed him to return to his past work as a tax preparer. (Tr. 23). Therefore, ALJ Beekman determined that Lang was not disabled.

### III. DISABILITY STANDARD

A claimant is entitled to receive Disability Insurance and/or Supplemental Security Income benefits only when he establishes disability within the meaning of the Social Security Act. *See* 42 U.S.C. §§ 423, 1381. A claimant is considered disabled when he cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months." *See* 20 C.F.R. §§ 404.1505, 416.905.

### IV. STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determination of whether, based on the record as a whole, the Commissioner's decision is supported by substantial evidence, and whether, in making that decision, the Commissioner employed the proper legal standards. *See Cunningham v. Apfel*, 12 F. App'x 361, 362 (6th Cir. 2001); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)*; Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" has been defined as more than a scintilla of evidence but less than a preponderance of the evidence. *See Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for the Commissioner's final benefits determination, then that determination must be affirmed*. Id.* The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this Court would resolve the issues of fact in dispute differently or substantial evidence also supports the opposite conclusion. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)*; Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). This Court may not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. *See Garner*, 745 F.2d at 387. However, it may examine all the evidence

in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision. *See Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

## V. ANALYSIS

Lang objects to ALJ Beekman's ruling on two grounds. First, Plaintiff argues that ALJ Beekman erred by failing to constitute his depression as a severe impairment at step two of the sequential analysis. Lang's second assignment of error maintains that the ALJ's RFC finding was faulty, and because of that, the VE's testimony did not provide substantial evidence to support the ALJ's decision because it was not based upon an accurate depiction of Lang's impairments.

### A. Step Two – Severe Impairment

At the second step of the sequential analysis, the claimant must show that he has an impairment which significantly interferes with his ability to do basic work activities. *See* 20 C.F.R. § 404.1520(c). This step of the analysis is used as a screening tool, allowing an ALJ to dismiss "totally groundless" claims from a medical standpoint at an early stage in the analysis. *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). An ALJ's ruling here is based upon a de minimis standard. *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 691-92 (6th Cir. 1985); *Childrey v. Chater*, 91 F.3d 143 (6th Cir. 1996) (Table). Accordingly, a claimant's impairment will only be construed as non-severe when it is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work irrespective of age, education and work experience." *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 90 (6th Cir. 1985) (*citing Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984)).

5

Nevertheless, even when an ALJ errs by failing to list one of the claimant's impairments as severe, such an error will not always necessitate remand.  Remand is not necessary so long as the ALJ finds the claimant to suffer from at least one severe impairment and continues to evaluate both the claimant's severe and non-severe impairments during the subsequent steps in the sequential analysis.  *Maziarz v. Sec'y of Health & Humans Servs.*, 837 F.2d 240, 244 (6th Cir. 1987); *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009) ("And when an ALJ considers all of a claimant's impairments in the remaining steps of the disability determination, an ALJ's failure to find additional severe impairments at step two does 'not constitute reversible error.'")  (*citing Maziarz,* 837 F.2d at 244).

Lang claims that remand is warranted due to ALJ Beekman's failure to name his depression as a severe impairment.  The Court disagrees.  The rule announced in *Maziarz* precludes the undersigned from remanding the case on this basis.  At step two, ALJ Beekman ruled that Lang suffered from three severe impairments:  degenerative disc disease, osteoarthritis and a ruptured biceps tendon.  The ALJ's recognition of these severe impairments required him to proceed to the remaining steps in the sequential analysis.  During his analysis, ALJ Beekman discussed both Lang's severe and non-severe impairments as set forth in *Maziarz* and *Nejat*.  Specifically, ALJ Beekman dedicated four pages of his written opinion to discussing records from various doctors regarding Plaintiff's mental health impairments, including his depression.  *See* (Tr. 13-16).  The ALJ's lengthy discussion of this issue explicitly analyzed Plaintiff's diagnosis of major depressive disorder as indicated by numerous doctors, and the effects of this condition.  ALJ Beekman's opinion not only shows that he was aware of Lang's depression, but also demonstrates that he gave great consideration to how this condition affected Lang's ability to work.  While Plaintiff may dispute whether ALJ Beekman should have classified his

6

depression as a severe impairment, the argument is unavailing because even if the ALJ erred, any such defect was rendered moot by the ALJ's consideration of Lang's depression and other severe and non-severe impairments at the latter stages of his review. *Maziarz*, 837 F.2d at 244; *Nejat*, 359 F. App'x at 577.

## B. RFC

ALJ Beekman described Lang's RFC as follows:

> Mr. Lang ha[s] the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b). Specifically, Mr. Lang can lift and carry up to 20 pounds occasionally and 10 pounds frequently. In an eight-hour workday, he can stand and/or walk for six hours and sit for six hours. He can frequently climb ladders, ropes or scaffolds. He can frequently stoop, kneel, crouch, and crawl.

(Tr. 17). Plaintiff's objection to this RFC finding is two-fold. To begin, Mason contends that the evidence shows that he is incapable of performing the full range of light work. Second, Lang submits that the VE's testimony did not provide substantial support for ALJ Beekman's decision because it was proffered in response to a hypothetical which improperly indicated that Plaintiff was capable of performing light work. Neither of Plaintiff's arguments is well-taken.

The ALJ is charged with the ultimate responsibility of determining a claimant's residual functional capacity. *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010); 20 C.F.R. § 404.1546(c). The ALJ's RFC finding will stand where it is supported by substantial evidence. *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 851 (6th Cir. 1986). "The substantial evidence standard 'presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference from the courts.'" *Wesley v. Comm'r of Soc. Sec.*, No. 99-1226, 2000 WL 191664, at *4 (6th Cir. Feb. 11, 2000) (Table) (*citing Mullen*, 800 F.2d at 545). Accordingly, "[a]n administrative decision is not subject to reversal merely

because substantial evidence would have supported an opposite decision." *Mullen*, 800 F.2d at 545. Thus, if supported by substantial evidence, an ALJ's decision must be upheld despite the existence of evidence supporting the contrary conclusion. *Id*.

The administrative record for this case is voluminous. Plaintiff points to medical opinions from four different doctors in an effort to refute the ALJ's RFC determination. Plaintiff submits that the opinions of Dr. Cyril Marshall, Dr. Ralph Kovach, Dr. Shahid Butt and Dr. Zenos Vangelos demonstrate that he is not capable of performing the full range of light work, namely the standing, walking, lifting and reaching requirements. "Light work" entails "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). Social Security Ruling 83-10 further indicates that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10 at *6.

Dr. Cyril Marshall was Lang's treating orthopedist during the period under review. Plaintiff contends that Dr. Marshall's opinions prove that the ALJ should have further restricted Plaintiff's ability to work. However, the ALJ assigned minimal weight to the doctor's opinions. The ALJ explained that he gave "less weight" to Dr. Marshall's opinions because Dr. Marshall gave conflicting reports of Lang's physical abilities, "vary[ing] from finding [] Lang permanently disabled to finding him capable of a range of light to sedentary work." (Tr. 21). ALJ Beekman also found that there was no objective data or clinical findings to support Dr. Marshall's opinions that Plaintiff was permanently disabled or that he was restricted to only sedentary work. The undersigned notes that Plaintiff did not put forth any arguments challenging the ALJ's reason for discounting Dr. Marshall's opinions. As a result, Plaintiff has

not shown how the ALJ's treatment of his opinions was improper, and neither can the undersigned discern any error with the ALJ's actions.

Plaintiff also relies upon the opinions of Dr. Butt and Dr. Kovach. On August 25, 2008, Dr. Shahid Butt drafted a letter detailing the results of his physical examination of Plaintiff. (Tr. 212-13). Dr. Butt observed Lang to ambulate with an antalgic gait favoring his left leg, a reduced range of motion in his lumbar spine, and positive straight leg raising on Lang's left leg. Ultimately, Dr. Butt opined that Plaintiff suffered from a "permanent partial impairment of 34% of [his] whole person." (Tr. 213). On January 20, 2009, Dr. Ralph Kovach physically examined Plaintiff and also wrote a letter conveying his findings. (Tr. 204-07). Dr. Kovach also observed that Lang had an abnormal gait and limited range of motion in his lumbar spine, and opined that Lang was permanently and totally disabled. (Tr. 205).

The opinions from these two doctors are not persuasive to the Court. While both doctors offered findings which would initially appear to support Plaintiff's disability claim, the Court notes that each opinion was rendered after Plaintiff's date last insured, and neither indicated whether the findings contained therein related back to Plaintiff's condition as it was during the relevant period under review. Additionally, though the ALJ did not directly address Dr. Butt's opinions, ALJ Beekman did address Dr. Kovach's findings and concluded that they were deserving of less weight because they appeared to be based on Lang's subjective complaints rather than on objective data. Again, Plaintiff failed to object to ALJ Beekman's treatment of either doctor's opinion. From the Court's review, it appears that the ALJ provided legitimate reasons for discrediting Dr. Kovach's opinions, and while the ALJ should have indicated the weight he assigned to Dr. Butt's opinions, his failure to do so does not constitute reversible error

9

as Dr. Butt's opinion was not entitled to any special degree of deference given that he only examined Plaintiff on one occasion.  *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994).

Finally, Lang cites to the opinions of Dr. Zenos Vangelos to prove that his ruptured bicep caused significant problems with reaching in his right arm.  Dr. Vangelos, an orthopedist, treated Plaintiff during the relevant period and completed two questionnaires assessing the severity of Plaintiff's impairments.  (Tr. 366, 553-554).  The first, completed on May 23, 2006, indicated that Lang suffered from a bicep tendon rupture and a disc bulge.  (Tr. 366).  Dr. Vangelos opined that Plaintiff was precluded from *any* lifting, bending, and twisting, and that he expected Plaintiff's limitations to last for a period of 12 months.  (*Id.*)  But, months later in November 2006, Dr. Vangelos completed a second questionnaire stating that Lang could lift up to 10 pounds frequently and up to 24 pounds occasionally,[2] and could return to his former work as a police officer on January 1, 2007.  (Tr. 553-54).  Dr. Vangelos's second assessment also permitted Lang to sit, stand and walk for a maximum of one hour each workday.

The ALJ assigned little weight to the findings contained within the questionnaire Dr. Vangelos completed in May 2006, explaining that these findings conflicted both with Lang's reported ability to care for his own needs, and with the findings contained with Dr. Vangelos's November 2006 questionnaire.  On the other hand, ALJ Beekman credited Dr. Vangelos's opinions reached in the November 2006 questionnaire regarding Lang's ability to lift and carry because they were supported by the evidence as a whole.  Notably, Dr. Vangelos's assessment of Plaintiff's abilities in this area was fully consistent with the lifting and carrying requirements contained within ALJ Beekman's RFC determination.  But, the ALJ noted that Dr. Vangelos's

---

[2] The questionnaire defined "occasionally" as "11% to 33%" of the workday, and "frequently" as "34% [to] 66%" of the workday. (Tr. 553).

evaluation of Lang's ability to sit, stand and walk seemed to overstate Plaintiff's limitations given his ability to maintain a wide range of daily activities.  The ALJ was also concerned that Dr. Vangelos did not indicate the period in time for which these limitations on Lang's ability to sit, stand and walk were in effect.  This was important because Dr. Vangelos opined that Lang would be able to return to work in January 2007, just two months after he assessed Plaintiff's impairments in November 2006.  Consequently, the fact that Plaintiff would have been able to return to work in just two months calls into question whether Dr. Vangelos's restrictions on Lang's ability to sit, stand and walk represented Lang's state in November 2006.  Plaintiff again failed to present any arguments contesting ALJ Beekman's assessment of Dr. Vangelos's opinions.  Nevertheless, the Court finds that the ALJ presented a reasonable basis for discounting a portion of the doctor's findings.

Notwithstanding the Court's analysis above, even if the undersigned were to credit the opinions of the physicians upon whom Plaintiff relies, the Court is not persuaded that remand would be necessary.  As indicated above, a reviewing Court must affirm the Commissioner's decision so long as there is substantial support for it in the record, though substantial evidence might also support a conclusion contrary to the ALJ's decision.  *Mullen*, 800 F.2d at 545.  In the instant matter, there is substantial evidence in the record to support ALJ Beekman's finding that Lang was capable of performing light work.

ALJ Beekman's decision is supported by the medical opinions provided by Drs. Paul Martin, Maria Armstrong, Karl Metz, and Gary Hinzman.  Dr. Paul Martin examined Plaintiff three times between September 2004 and July 2005.  (Tr. 558-61, 545-47, 534-36).  During Dr. Martin's final assessment of Lang in July 2005, he opined that Lang had the ability to perform work which was light in nature, consisting of "lifting up to 20 pounds and [the] avoidance of

frequent or repetitive pushing or pulling activities with the right arm." (Tr. 536). ALJ Beekman assigned full weight to Dr. Martin's opinions and the ALJ's decision coincides with these findings.

Lang presented to Dr. Maria Armstrong for an independent evaluation on July 11, 2006. (Tr. 649-51). Dr. Armstrong noted that she had reviewed Plaintiff's medical history, as provided by him, as well as Plaintiff's medical records. (Tr. 649). She opined that Lang retained the ability to lift up to 20 pounds with his right arm, and the overall ability to carry up to 40 pounds. (Tr. 651). ALJ Beekman credited these findings and they are consistent with his opinion. Dr. Armstrong also limited Lang's ability to walk, stand and sit. Specifically, she restricted Plaintiff from sitting more than six hours in a workday, and precluded him from walking or standing more than four hours in 15 minute increments. (*Id.*) ALJ Beekman did not credit the restrictions Dr. Armstrong placed on Lang's ability to sit, stand, and walk because he concluded that they were not supported by objective evidence, only Lang's subjective complaints. Plaintiff did not challenge this determination or identify any objective evidence which supported Dr. Armstrong's restrictions. Thus, excluding these unsubstantiated findings, the remainder of Dr. Armstrong's opinions support the ALJ's ruling.

The ALJ's decision is also supported by the opinions offered by Dr. Karl Metz. Dr. Metz examined Lang on April 26, 2007 and opined that Lang was capable of performing a range of sedentary to light work duties. (Tr. 639-42). The doctor indicated that Plaintiff could lift up to "15-20 pounds on an occasional basis", and push or pull up to "10-15 pounds on an occasional basis". (Tr. 642). These findings affirm ALJ Beekman's ruling that Plaintiff was capable of performing the lifting and carrying requirements associated with light work. Though Dr. Metz also restricted Plaintiff from standing, walking or sitting for more than 20-30 minutes at a time,

12

and from driving for more than 30 minutes at a time, ALJ Beekman rejected these findings. The ALJ found these restrictions to only be supported by Lang's statements to the doctor. The undersigned notes that these restrictions also contradict Plaintiff's statements. For example, Plaintiff admitted to have driven to Chicago, Illinois from Cleveland, Ohio, roughly a six hour trip, which would undermine Dr. Metz's finding that Lang could not sit for more than 30 minutes at a time, and bolsters the ALJ's decision to rejection this portion of Dr. Metz's findings.

Lastly, Dr. Gary Hinzman's opinions also bolster ALJ Beekman's ruling. Dr. Hinzman was one of the State Agency physicians who assessed Lang's impairments on behalf of the Bureau of Disability Determination. After reviewing Lang's file, Dr. Hinzman completed a Physical RFC Assessment form evaluating Lang's physical capacity to work. (Tr. 993-1000). The findings contained within Dr. Hinzman's assessment are consistent with ALJ Beekman's ruling. Dr. Hinzman opined that Lang could lift up to 20 pounds occasionally and 10 pounds frequently, and had an unlimited ability to push and/or pull. (Tr. 994). He also opined that Plaintiff could sit, stand or walk for approximately six hours each workday.[3] (*Id.*) Dr. Hinzman's opinions were later confirmed as written by State Agency physician, Dr. Willa Caldwell in March 2008. (Tr. 473). Dr. Hinzman's opinion fully supports Plaintiff's ability to stand, walk, and lift, as stated by ALJ Beekman.

Finding that the ALJ's RFC is supported by the substantial evidence in the record, the Court holds that the ALJ's reliance upon the VE's testimony was proper. It is clear that a

---

[3] Dr. Hinzman also commented that Lang's reports of symptoms were excessive given the medical evidence of record, an observation which was also noted by Psychologist Robert Kaplan, who indicated that it was likely that Plaintiff was exaggerating his psychological symptoms and pain. (Tr. 626, 998). Dr. Kaplan did not diagnose Lang with Malingering because it did not appear to him that Lang was *intentionally* exaggerating his symptoms, though this could not be ruled out. (Tr. 626).

vocational expert's testimony will only provide substantial support for an ALJ's decision when the testimony is elicited in response to a hypothetical question which accurately portrays the claimant's physical and mental limitations. *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). But, an ALJ is under no duty to incorporate a claimant's unsubstantiated complaints into the hypothetical questions posed to the VE. *Griffith v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007). Because ALJ Beekman's RFC assessment is supported by the record, it represented an accurate portrayal of Plaintiff's limitations and was acceptable for use by the ALJ in the hypothetical questions he presented to the VE. Accordingly, the VE's testimony, that an individual possessing such qualities could perform Plaintiff's past work as a tax preparer, provides substantial support for the ALJ's ruling.

As an aside, the Court notes that ALJ Beekman concluded that Lang could perform the job of a tax preparer as the position was "actually and generally performed." (Tr. 23). This statement is somewhat ambiguous. The VE testified that Lang had performed the duties of a tax preparer at the medium and heavy exertional classifications. (Tr. 1183). Thus, to the extent that ALJ Beekman concluded that Lang could perform this position as Lang had "actually" performed it, the ALJ erred. Lang's RFC for light work would not permit him to perform work requiring greater exertional skills. However, the ALJ also ruled that Plaintiff could perform the job as it was "generally" performed. The VE explained that this position was customarily performed at the sedentary level. (*Id*.) Therefore, because the ability to perform sedentary work is necessarily included in the ability to perform light work, 20 C.F.R § 404.1567(b), the evidence supports the ALJ's ruling that Plaintiff could return to working as a tax preparer as it is generally performed in the national economy. As a consequence, it also signifies that had the ALJ limited

Plaintiff to sedentary work, such a finding would not have led to a favorable decision for Lang, as he still would have been able to perform his past work as a tax preparer.

## VI.  DECISION

For the foregoing reasons, the Magistrate Judge finds that the decision of the Commissioner is supported by substantial evidence.  Accordingly, the Court AFFIRMS the decision of the Commissioner.

IT IS SO ORDERED.

s/ Kenneth S. McHargh<br>
Kenneth S. McHargh<br>
United States Magistrate Judge

Date:  March 7, 2012.

15